UNITED STATES DISTRICT COURT
DISTRICT OF SOUTHERN IOWA
CENTRAL DIVISION

| | |
|---|---|
| WILBUR-ELLIS COMPANY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CODY DOWNING,<br><br>Defendant. | 4:21-CV-00332-RGE-HCA<br><br><br>ORDER DENYING MOTION FOR SANCTIONS & PERMITTING LIMITED DISCOVERY |

This is a trade secrets and tortious interference with prospective business relationships case. The Court scheduled a jury trial to commence on August 26, 2024. ECF No. 91.

As can be seen from a review of the docket, this case has been plagued with significant and ongoing discovery disputes, culminating in the motion currently pending before the Court. Plaintiff Wilbur-Ellis Company, LLC ("Wilbur-Ellis") filed a motion for sanctions pursuant to Rule 37(b)(2)(A) and Rule 37(b)(2)(C). ECF No. 159. Defendant Downing filed a resistance. ECF No. 160. The Court held a motion hearing on July 30, 2024. *See* ECF No. 161. As stated on the record at the July 30 hearing, the Court **denies** Wilbur-Ellis's motion for sanctions, ECF No. 159. But the Court interprets Wilbur-Ellis's motion for sanctions, in part, as a motion to compel and, to that extent, the Court **orders limited** discovery as set forth below.

The Court may impose sanctions under Rule 37 if the Court finds (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party. *MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923, 934 (8th Cir. 2004) (citing *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999)); *see* Fed. R. Civ. P. 37; ECF Nos. 159-1 at 6, 160 at 11–12. In its motion for sanctions, Wilbur-Ellis claims Downing violated the September 27, 2023 discovery

order, ECF No. 85, and the June 11, 2024 discovery order, ECF No. 139. For the reasons stated on the record at the July 30, 2024 hearing, the Court concludes Wilbur-Ellis has not established elements one and three; the Court did not address element two. As such, the Court **denies** Wilbur-Ellis's motion for sanctions.

The Court interprets Wilbur-Ellis's motion, in part, as a motion to compel. The Court orders:

1. By no later than **August 6, 2024**, Downing shall produce to Wilbur-Ellis a copy of the contents of the box of Wilbur-Ellis documents provided by Downing to his counsel. In his deposition, Downing testified that he had retained hard copy documents that he received in his employment with Wilbur-Ellis after his employment with Wilbur-Ellis ended, which were now in his attorney's possession. Downing Dep. 76:20–77:14, 134:8–10, Def.'s App. 118, 133, ECF No. 122-3. He further testified that he believed those documents were likely seed guides and marketing materials, and possibly some printed invoices related to Wilbur-Ellis customers. *Id.* 132:5–134:10, Def.'s App. 132–33. Defense counsel was unable to advise the Court as to the precise description of the items in the box. Based on Downing's own testimony, the documents were obtained by Downing from Wilbur-Ellis and he did not have consent to retain the documents after his employment ended. Accordingly, the documents are relevant to the issues in this case and must be produced to Wilbur-Ellis

2. Downing's search for responsive communications will be addressed by further order.

3. Additionally, during the hearing the Court learned that Wilbur-Ellis received documents from Simplot in response to a subpoena, but copies of those documents had not been provided to defense counsel. By no later than **August 6, 2024**, Wilbur-Ellis shall provide Downing with the information and documents Wilbur-Ellis received from Simplot in response to the subpoena.

IT IS SO ORDERED.

DATED July 31, 2024.

Helen C. Adams
U.S. Magistrate Judge

2